Filed 5/11/21  P. v. Xiong CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | C091311 |
| Plaintiff and Respondent, | (Super. Ct. No. 19CF05141) |
| v. | |
| LONG XIONG, | |
| Defendant and Appellant. | |

Defendant Long Xiong pleaded no contest to one count of distributing more than 28.5 grams of marijuana or more than 4 grams in concentrated cannabis into or out of the State of California.  Defendant contends that the trial court erred in imposing certain mandatory fines and fees without holding an evidentiary hearing to determine his ability to pay them.  In supplemental briefing, defendant argues he is entitled to seek a reduction of his three-year probation term under recently enacted Assembly Bill No. 1950 (2019-2020 Reg. Sess.) (Stats. 2020, ch. 328, § 2).  Effective January 1, 2021, Assembly Bill

No. 1950 amended Penal Code section 1203.1[1] to limit the maximum probation term a trial court is authorized to impose for most felony offenses to two years. Defendant asserts Assembly Bill No. 1950's limitation on the maximum duration of felony probation terms constitutes an ameliorative change to the criminal law that applies retroactively to cases that were not reduced to final judgment as of the new law's effective date.

We conclude that the term of defendant's probation must be reduced to two years under the recent statutory amendment. In all other respects, the judgment is affirmed.

## PROCEDURAL BACKGROUND

Pursuant to a negotiated plea agreement based on charges that he illegally transported, cultivated, and possessed cannabis for sale, defendant pleaded no contest to one count of distributing more than 28.5 grams of marijuana or more than 4 grams in concentrated cannabis into or out of the State of California. (Health & Saf. Code, § 11360, subd. (a)(3)(D).) In exchange, two remaining counts were dismissed. The trial court suspended imposition of sentence and ordered three years of formal probation with a required 90 days in jail. The court ordered defendant to pay a conviction assessment of $30 (Gov. Code, § 70373), a court operations assessment of $40 (§ 1465.8), a $25 criminal justice administration fee (§ 1463.07), and a restitution fine of $300 (§ 1202.4, subd. (b)), with an additional $300 probation revocation fine, which was stayed pending successful completion of probation (§ 1202.44). The trial court found that defendant did not have the ability to pay a criminal laboratory fee, a drug program fee, a presentence investigative report fee, probation supervision fees, or public defender fees.

Defendant filed a timely notice of appeal.

---

[1] Further undesignated statutory references are to the Penal Code.

2

## DISCUSSION

## I

### *Imposition of Mandatory Fines, Fee, and Assessments*

Defendant argues that the trial court's imposition of the restitution fine, corresponding probation revocation fine, criminal justice administration fee, and the court operations and conviction assessments violated his constitutional rights because the trial court did not determine his ability to pay before imposing them. He argues that the trial court abused its discretion in imposing these mandatory fines, fee, and assessments but declining to impose other fines and fees due to his inability to pay. He asks this court to either strike the fines, fee, and assessments or remand so the trial court can conduct a hearing on his ability to pay each of them. Defendant's argument relies primarily on *People v. Dueñas* (2019) 30 Cal.App.5th 1157, which held "due process of law requires the trial court to conduct an ability to pay hearing and ascertain a defendant's present ability to pay before it imposes court facilities and court operations assessments under . . . section 1465.8 and Government Code section 70373." (*Id.* at p. 1164.) The *Dueñas* court also held "that although . . . section 1202.4 bars consideration of a defendant's ability to pay unless the judge is considering increasing the fee over the statutory minimum, the execution of any restitution fine imposed under this statute must be stayed unless and until the trial court holds an ability to pay hearing and concludes that the defendant has the present ability to pay the restitution fine."[2] (*Ibid.*)

The Attorney General responds by arguing this claim is forfeited by defendant's failure to raise the issue of his ability to pay in the trial court even though *Dueñas* was

---

[2]   Although *Dueñas* did not address a criminal justice administration fee under section 1463.07 (because it was not imposed), defendant asserts the reasoning of *Dueñas* applies to this mandatory fee imposed when a defendant is released on his or her own recognizance.

decided long before sentencing in this matter. Assuming, without deciding, defendant's challenges to these restitution fines, fee and assessments have not been forfeited,[3] we conclude *Dueñas* was wrongly decided and therefore reject defendant's claim on that basis.

Our Supreme Court is now poised to resolve this question, having granted review in *People v. Kopp* (2019) 38 Cal.App.5th 47, review granted November 13, 2019, S257844, which agreed with the court's conclusion in *Dueñas* that due process requires the trial court to conduct an ability to pay hearing and ascertain a defendant's ability to pay before it imposes court facilities and court operations assessments under section 1465.8 and Government Code section 70373, but not restitution fines under section 1202.4. (*Kopp*, at pp. 95-96.)

In the meantime, we join several other courts in concluding that the principles of due process do not require determination of a defendant's present ability to pay before imposing the restitution fines and mandatory fees and assessments at issue in *Dueñas* and in this proceeding. (*People v. Kingston* (2019) 41 Cal.App.5th 272, 279; *People v. Hicks* (2019) 40 Cal.App.5th 320, 329, review granted Nov. 26, 2019, S258946; *People v. Aviles* (2019) 39 Cal.App.5th 1055, 1069; *People v. Caceres* (2019) 39 Cal.App.5th 917, 928.) Having done so, we reject defendant's challenge to the restitution fine, corresponding probation revocation fine, criminal justice administration fee, and the court operations and conviction assessments.

---

**3** We decline to decide whether there was any forfeiture because defendant maintains that, if the issue is forfeited, he received ineffective assistance of counsel. Even if the matter is forfeited, we would reach the issue exercising our discretion to resolve forfeited issues on the merits, rather than under the rubric of ineffective assistance of counsel. (See *People v. Williams* (1998) 17 Cal.4th 148, 161, fn. 6.)

## II

### *Probation Term*

At the time defendant was sentenced, section 1203.1 provided that a trial court may grant felony probation "for a period of time not exceeding the maximum possible term of the sentence." Further, it stated that if the "maximum possible term of the sentence [was] five years or less, then the period of suspension of imposition or execution of sentence may, in the discretion of the court, continue for not over five years." (Former § 1203.1, subd. (a).) Effective January 1, 2021, Assembly Bill No. 1950 amended section 1203.1, subdivision (a) to limit the probation term for felony offenses to two years, except in circumstances not present here. (Assem. Bill No. 1950 (2019-2020 Reg. Sess.); Stats. 2020, ch. 328, § 2; Cal. Const., art. IV, § 8; Gov. Code, § 9600, subd. (a); *People v. Camba* (1996) 50 Cal.App.4th 857, 865-866.)

In supplemental briefing, defendant contends the revised statute applies to this matter under *In re Estrada* (1965) 63 Cal.2d 740, 744-745 because the judgment was not final when the ameliorative amendment took effect and reduced the maximum term of probation to two years. The Attorney General concedes that the new legislation falls within the scope of *Estrada* and consequently, defendant's probation term should be reduced to two years. We agree with the parties that the amendment applies retroactively.

We join at least two other courts that have filed opinions concluding that Assembly Bill No. 1950 applies retroactively: *People v. Quinn* (2021) 59 Cal.App.5th 874 (*Quinn*), from the First Appellate District, and *People v. Sims* (2021) 59 Cal.App.5th 943, from the Fourth Appellate District. In *Sims*, the court reasoned that a probationer is in constructive custody and, therefore, is under restraint. (*Sims*, at p. 959.) By "limiting the maximum duration a probationer can be subject to such restraint, Assembly Bill No. 1950 has a direct and significant ameliorative benefit for at least some probationers who [would] otherwise . . . be subject to additional months or years of potentially onerous

5

and intrusive probation conditions." (*Ibid.*)  "There is no dispute that the longer a probationer remains on probation, the more likely it is he or she will be found to be in violation of a probation condition.  There also is no dispute that the longer a probationer remains on probation, the more likely it is he or she will be sentenced to prison for a probation violation.  Assembly Bill No. 1950 does not guarantee that a probationer will abide by his or her probation conditions and, as a result, avoid imprisonment.  However, by limiting the duration of felony probation terms, Assembly Bill No. 1950 ensures that at least some probationers who otherwise would have been imprisoned for probation violations will remain violation free and avoid incarceration.  Like the laws at issue in [*People v. Superior Court* (*Lara*) (2018) 4 Cal.5th 299] and [*People v. Frahs* (2020) 9 Cal.5th 618], Assembly Bill No. 1950 thus ameliorates possible punishment for a class of persons-felony probationers." (*Id.* at p. 960.)  Because the Legislature did not include a savings clause or otherwise indicate it intended the two-year limitation to apply only prospectively, the *Sims* court concluded "the two-year limitation on felony probation set forth in Assembly Bill No. 1950 is an ameliorative change to the criminal law that is subject to the *Estrada* presumption of retroactivity" and, therefore, applies to cases such as this where there is no final judgment as of the effective date of the amendment.  (*Id.* at p. 964.)

Similarly, based on an analysis of the legislative history of Assembly Bill No. 1950, the *Quinn* court concluded that since "the Legislature has determined that the rehabilitative function of probation does not extend beyond two years, any additional period of probation can only be regarded as punitive, and therefore within the scope of *Estrada*.  Moreover, even if Assembly Bill No. 1950 is not entitled to a presumption of retroactivity, the 'ameliorative nature' of the amendment 'places it squarely within the spirit of the *Estrada* rule.'  [Citation.]" (*Quinn, supra*, 59 Cal.App.5th at p. 883.)  We agree.

6

Defendant contends, and the Attorney General does not dispute, that the proper remedy is to reduce defendant's term of probation to two years in accordance with Assembly Bill No. 1950. We agree. Defendant must be resentenced in conformity with the amended statute. Accordingly, we shall reduce the term of defendant's probation to two years.

## DISPOSITION

Defendant's probation is reduced to a term of two years. The judgment is affirmed in all other respects.


/s/
HOCH, J.


We concur:


/s/
BLEASE, Acting P. J.


/s/
RENNER, J.

7